STATE *vs.* FRED M. McCORMICK.

JULY 21, 1944.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

340

BAKER, J. This is an indictment for embezzlement. The defendant was found guilty by a jury in the superior court and his motion for a new trial was denied by the trial justice. The case is now before this court on the defendant's bill of exceptions containing exceptions taken during the course of the trial and one to the refusal of the trial justice to grant the defendant's above-mentioned motion.

It appears from the evidence that the defendant was the tax collector of the town of Foster in respect to the taxes assessed therein for the years 1931 to 1934, inclusive. By statute it was his duty to act as collector thereof, unless removed by the proper authority, until such taxes were fully collected. General laws 1938, chapter 32, §§37, 39. The

indictment, which contained two counts, charged the defendant in his official capacity as aforesaid with embezzling the sum of $8095.06 from the said town.

Upon consideration of the entire record we are of the opinion that it is necessary for us to pass upon the defendant's tenth exception only, which is to the denial by the trial justice of the motion for a new trial. In so doing we shall not discuss the evidence in detail but shall refer to it generally and only in so far as clarity and the disposition of the exception under discussion requires.

The evidence tended to show that for some considerable time the manner of collecting taxes in the town of Foster and keeping accounts thereof had been loose, and that it had been the custom for taxpayers, if they desired, to pay their taxes not only to the tax collector himself but, on occasion, to the town clerk, to the town treasurer, and to the tax collector's wife, if the tax collector was not readily available, or if it better suited the taxpayer's convenience. It appeared that during the period involved in the instant case that custom was followed and the taxes in question were at times paid to others than to the defendant. The position of tax collector did not occupy his entire time and the pay received by the defendant for performing his duties was small.

In support of its charge against the defendant the State showed that in 1940, at the request of the town council of Foster, an audit, covering the period between 1931 and 1940, was made by state auditors of the defendant's accounts and records as tax collector and of certain pertinent records of the town clerk and of the town treasurer respecting the taxes and the collection thereof involved in this indictment. From this audit and from other evidence it appeared that the total taxes assessed for the years 1931 to 1934, inclusive, amounted to $74,538.60. The state contended that the evidence showed that of this amount the defendant was called upon to account for the sum of $66,-538.20 collected, whereas from the auditor's figures he ap-

parently had made payments to the town treasurer of only $58,443.14, making a seeming shortage of $8095.06. By reason, however, of certain irregularities in the books of the town treasurer the state credited the defendant with an additional sum of $2768.70, leaving $5326.36 as the real shortage which the state maintained it had duly established as the sum he had embezzled and converted to his own use from town funds received by him as tax collector. To prove its case against the defendant the state depended largely on the evidence outlined above, which was testified to principally by the auditor.

The defendant did not question the figures as shown by the audit, but testified with positiveness that, as was his duty, he had paid over to the town treasurer *all* moneys which he had collected and for which he was responsible as tax collector; and he denied that he was guilty of the embezzlement of funds of the town of Foster. He further testified that he and the town treasurer had grown up together, had been very friendly, had trusted each other; that while he ordinarily had received receipts from the latter when he turned over tax collections to him, there were occasions when he had made such payments to the town treasurer without receiving receipts therefor; and that for this reason the audit showed an apparent shortage on his part, as he was unable to produce such receipts in a sufficient amount to cover all the moneys collected and paid over. He also testified that since 1935 he and the town treasurer had positions in the same construction company and that the latter was his immediate superior. The defendant's wife gave evidence that on many occasions *she* had left tax collections at the home of the town treasurer for him and had received *no receipts* therefor.

In addition, it appeared from the defendant's testimony that the first question concerning the taxes involved herein came up in 1937 when the town council of Foster by a vote ordered the defendant to appear before them with his records showing who had paid their taxes and who were de-

linquent. The defendant did not so appear, believing the matter was not being pressed, but at that time he asked the town treasurer for additional receipts and for information regarding said taxes. Under the date of May 15, 1937, defendant received a statement (defendant's exhibit A) from him showing the total amount of unpaid taxes for each of the four years in question. At the bottom of this statement the following was written in longhand by the town treasurer and signed with his initials: "Check for these years and I *will give you receipt for your balance,* name your figures JMW." (italics ours)

Further, in 1940, when the audit was being made, the defendant again asked the town treasurer for the receipts necessary for the completion of the defendant's records but he was unable to obtain them, the town treasurer, according to the defendant, making the following statement: "Well, the first comment he made, he said, 'I have no applications here, as the auditors have them all.' And he says, 'I am going to have a private audit made myself and I will see what I can do for you.' " The defendant never received any such receipts, although he apparently attempted again to obtain them after the audit was completed and he was shown the figures indicating a shortage on his part.

The evidence before us also reveals that the audit showed that, while the sum of $3622.50 in taxes for the years in question had been paid by taxpayers directly to the town treasurer himself, that official had accounted in his own records for only $853.80 thereof. Therefore, the audit based on these books of the town treasurer did not of itself impeach the testimony of defendant and his wife that they had paid the full amount of the taxes without getting complete receipts thereof. For the above reason and others it appeared that the town treasurer likewise was under indictment. He did not testify as a witness in this case although he was at all times available.

On this state of the record the defendant argues strongly that his evidence that he had paid over all tax moneys

which had come into his hands to the town treasurer is uncontradicted, and that the state has failed to establish the defendant's guilt beyond a reasonable doubt. On the other hand, the state contends that the defendant's credibility was in issue, and that the jury and the trial justice were not obliged to believe his testimony in regard to paying over all tax moneys which he had received, and in regard to the absence of receipts from the town treasurer, in view of the fact that the defendant had produced large numbers of such receipts and had given no good reason why the others should have been withheld by the town treasurer.

We recognize that the decision of a trial justice, made in passing upon a motion for a new trial when his independent judgment is exercised without any misconception of the evidence or of the principles of law to be applied thereto, is entitled to great weight. We have carefully considered the rescript of the trial justice in which he denied the defendant's motion for a new trial and are of the opinion that it discloses a misconception of the law to be applied to the facts and to the circumstances appearing in evidence, which misconception led him to conclude that the evidence beyond a reasonable doubt supported the verdict.

Passing over without comment the trial justice's questionable statement in his rescript respecting the true scope and meaning of defendant's exhibit A, hereinbefore referred to, it is our judgment that his reference and comments relating to the nonproduction of the town treasurer as a witness, show, in substance and effect, a misconception of the law applicable to the undisputed facts in evidence in that regard. In this connection the trial justice made the following statements in his rescript: "Wright (the town treasurer) was not called as a witness. It seems to the Court that he was a very important witness and should have been produced. . . . I have already commented upon the absence of Wright from the trial of the case. This was another factor in the case which the jury had a right to consider as bearing upon the defendant's guilt." This last

statement shows that he believed that the defendant had · the duty and burden of calling the town treasurer as a witness. Such a conclusion was, in our judgment, erroneous.

Under all the facts and circumstances appearing herein, and on the state of the proof, the defendant had no such duty or burden. The trial justice correctly recognized that at all times the state had the burden of proving the defendant guilty as charged beyond a reasonable doubt. However, neither the state nor the defendant had the duty of calling any particular witness. Each party had the right to present such evidence as it deemed necessary and advisable in accordance with its best judgment, and, having done so, had to stand or fall on the record as made.

The state, although recognizing that it had the burden of proof as above set out, has argued that on the facts and circumstances appearing herein the defendant had the burden of going forward with evidence to meet the state's case and that this burden included the production of the town treasurer as a witness in order to corroborate, if possible, the testimony of the defendant and his wife that they had paid all tax moneys to the town treasurer and that he had failed to give them receipts at the time for certain of these payments. The state urges that the failure of the defendant to call the town treasurer as a witness was a weakness in his defense which, with other circumstances, justified the trial justice in denying the defendant's motion for a new trial.

In support of its position the state· has called our attention to numerous authorities in which the principle of the burden of the evidence, as distinguished from the general burden of proof, is discussed. We have considered these authorities and feel that they are of no assistance to the state, as they are not applicable here. It is our opinion that, on the present record, after the defendant had testified directly and positively that he had paid to the town treasurer all tax moneys which he had received, the burden of the evidence was then on the state to go forward and to

rebut such testimony, if it could and so desired, with that of the town treasurer, he being fully available as a witness.

If we assume that the state had made out a *prima facie* case against the defendant by the introduction of its evidence, particularly that relating to the audit, it appears that the defendant then met that case by a positive statement of payment of all moneys to the town treasurer, which, in effect, was a complete denial of the charge in the indictment. This statement of the defendant stood uncontradicted at the conclusion of the trial. On the record here it was not inherently improbable or self-contradictory. It was, of course, open to attack inferentially and indirectly, and the state so attacked it. But the state produced no evidence to specifically deny the testimony of defendant and his wife that all taxes collected by them had been turned over to the town treasurer without getting complete receipts. The state attempted to rebut this by relying merely on the auditor's testimony that the town treasurer's records, which admittedly were materially incorrect as to certain tax collections, did not *account* for all of such moneys.

However, on the entire evidence as finally submitted, the question was clearly raised, first for the jury and then for the trial justice, if the defendant was convicted, as to whether or not the state had sustained the burden imposed upon it by law of proving the defendant guilty as charged beyond a reasonable doubt. Having in mind the reliance of the trial justice upon an alleged duty of the defendant to produce the town treasurer as an important witness, which was error, and having in mind the presumption of innocence to which defendant was entitled, we are of the opinion that, on the present record, the state did not sustain the abovementioned burden; that the trial justice committed error in denying the defendant's motion for a new trial; and that justice requires that he be given a new trial.

The defendant's tenth exception is sustained. It is not necessary for us to pass upon his other exceptions. The case is remitted to the superior court for a new trial.

*John H. Nolan,* Attorney General, *John O. Pastore,* Assistant Attorney General, *John J. Cooney,* for State.

*Benjamin Cianciarulo,* Public Defender, *Aram A. Arabian,* for defendant.